United States District Court

Northern District of Illinois

RECEIVED

MAR 01 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Danea S. Countach                    )

Plaintiff                            )

                                     )

v.                                   )

                                     )        17CV1602
                                              JUDGE WOOD
                                              MAG. JUDGE COLE

Megan J. Brennan, Postmaster General )

Defendant                            )

## COMPLAINT

My name is Danea S. Countach (plaintiff). I currently reside at 2230 Hassell Road #306, Hoffman Estates, Illinois, 60169. The defendant is Megan J. Brennan, Postmaster General (United States Postal Service). I am filing my complaint in the United States District Court, Northern District of Illinois on the grounds that the United States Postal Service discriminated against the complainant by violating his right to due process at the time of his termination from the Postal Service (June 18, 2016). The Postal Service also violated the plaintiff's civil rights, by violating Title VII of the civil rights act of 1964 (race). The EEOC Administrative Judge (Daniel E. Leach) ruled in error in his November 18, 2016, Order Entering Judgment. Where the EEOC AJ "deliberately" breached the plaintiff's "Clean Record Settlement Agreement" (CRS), which was clearly explained in the plaintiff's "Western Area Direct Appeal To Arbitration Review Form" (Dated: February 24, 2012). Yet, the EEOC AJ "did not" take in consideration that the plaintiff: **A**. "Won" the case in question. **B**. Was subjected to a "double standard" in the EEOC decision (where EEOC AJ 'made reference' of wrongdoing by the plaintiff in that MSPB case).

At the same time, the MSPB case was based on "uncorroborated allegations". **C.** Was "unfairly" disallowed to "apply the same standard" (i.e. the EEOC AJ giving merit to uncorroborated allegations in the MSPB case, yet, not 'equally' giving merit to the plaintiff's 'uncorroborated allegations' of assault, racism, and discrimination in his EEOC case with the same judge).

(1) The plaintiff was hired as a 70% disabled veteran by the United States Postal Service on June 10, 2006. **On August 28, 2014**, the plaintiff attended "mediation" regarding working conditions / hostile work environment based on race (black). The EEOC Case Number was: 1E-891-0023-14. This was "the second" EEOC complaint filed against the plaintiff's USPS supervisor Michael Grimm (who is white). In the Settlement Agreement Form dated August 14, 2011 (USPS Case Number: 1E-895-0005-11), supervisor Michael Grimm "agrees" to "Provide a stand up on an individuals personal space and how to respect that personal space". In that agreement, USPS supervisor Michael Grimm also agrees that he "Will arrange for the stand up within 60 days of this date". To date, Michael Grimm "never" arranged for the stand up, even though he agreed to in the EEOC Settlement Agreement Form. This is "the earliest" evidence of supervisor Michael Grimm failing to adhere to EEOC resolutions.

(2) On **May 14, 2014**, USPS supervisor Michael Grimm violated the Title VII of the civil rights act of 1964 (race) when he verbally assaulted the plaintiff with a "racial slur", by stating, "I'm gonna get you nigger"!

(3) On **October 6, 2014**, the plaintiff received an "Acceptance Of Formal EEO Complaint" letter from the EEOC regarding his case.

(4) On **December 18, 2014**, the plaintiff was "physically assaulted" by USPS coworker Hank Scott (white male friend of Michael Grimm). The US Postal Inspectors, and USPS management investigated the allegations. The "alleged" perpetrator "was not" disciplined for assault.

(5) On **January 5, 2015**, supervisor USPS supervisor Michael Grimm violated Article 10 of the USPS-APWU Joint Contract Interpretation Manual, which states, "All records of overturned disciplinary actions must be removed from the employee's personal records kept by the supervisor, the employee's official personal folder, as well as from RMD / eRMS". This violation was also an infraction of the "Western Area Direct Appeal To Arbitration Review Form" (Dated: February 24, 2012). Under the penalty of perjury, USPS supervisor Michael Grimm stated in an EEOC affidavit, "Mr. Countach has previously tried to show these types of claims against myself in the MSPB case I have included the case as an attachment".

(6) On **October 22, 2015**, the plaintiff was "assaulted" by USPS coworker Bob Ray (another white male friend of Michael Grimm). The US Postal Inspectors, and USPS management investigated the allegations. The "alleged" perpetrator "was not" disciplined for assault.

(7) On **October 25, 2015**, the plaintiff was put on "emergency placement" (i.e. emergency administrative leave). This was a violation of "due process" (i.e. the plaintiff was not giving a chance to testify his defense prior to being forced to leave the premises that day). The plaintiff alleges that USPS management engaged in "retaliation" to his initial EEOC complaint by unjustly terminating him. Even though management "clearly admits" that the plaintiff "had no prior discipline on his record". Furthermore, while USPS management was building their case against the plaintiff, the plaintiff "was not" able to present his defense to management until November 4, 2015 (a full ten days after being walked out his workplace).

(8) On **January 5, 2015**, USPS supervisor Michael Grimm violated the "Corrective Action Requested" (i.e. all disciplinary records, actions rescinded) of the Western Area Direct Appeal To Arbitration Review Form when he stated, "I held him accountable for his actions and had him removed from the postal service for spitting on another employee". *NOTE: The plaintiff's

personal record was "expunged" at the time USPS supervisor Michael Grimm made this statement.

(9) The EEOC AJ (Daniel Leach) ruled in error when he stated, "Following the investigation it was determined that the plaintiff had engaged in the misconduct cited". The "alleged misconduct" has since been "rescinded" due to grievance settlement. The plaintiff was "not allowed" to bring this information to light due to the EEOC AJ had "halted" all case addendums. (10) The EEOC AJ ruled in error when he stated, "It is noted that the alleged 'stalker' involved in the incident was a coworker whom complainant had previously been disciplined for assaulting". This was a violation of the complainants Western Area Direct Appeal To Arbitration Review Form, Article 10, USPS-APWU Joint Contract Interpretation Manual, and the Clean Record Settlement Agreement. It also "biasedly" affected the EEOC AJ's ability to "reason an unbiased decision regarding the plaintiff's case". Meaning, that the EEOC AJ allowed "expunged-uncorroborated allegations from the MSPB case into his ongoing EEOC case (and final decision). Yet, the "plaintiff's allegations" of stalking, assault, and hostile work environment "was not" given the same weight of credibility by the EEOC AJ. **This was then, and is still a "double standard" in the application of the law to my EEOC case by that EEOC AJ.** One only needs "common sense" to see the "truth" in this statement.

## RELIEF / DAMAGES SOUGHT

The plaintiff is seeking compensatory damages in the amount of $60,500.00 for: loss wages. The plaintiff is also seeking punitive damages in the amount of $3,636,500.00 for: head trauma (from the physical assaults), emotional suffering, and intentional discrimination by the USPS management. The complainant has "suffered a great tragedy" from this ordeal (regarding the assaults, discrimination, and attacks on his integrity). After dedicating fifteen and a half years of

loyal service to the United States Government (6 ½ years military, and 9 years postal), the plaintiff "deserves better". The plaintiff is an "honorably discharged" war veteran. He is also a "law abiding citizen" with a clean record. These are both "noteworthy accomplishments for any human being". What has happened to the plaintiff, was not deserved, and "should not" be allowed to happen to any other citizen in this country! The plaintiff suffers from extreme head pains (and dizziness) to this day, and does not make enough money to afford the kind of health care that he had when he was a postal employee. All that the plaintiff is asking the court for is "a fair chance at justice" in a court of law. I hope that the Creator will bless the judge that reads my request for "a fair opportunity" to prove my case, and give me a chance to do so. Thank you for your consideration.

Signed:

Danea S. Countach

2230 Hassell Road #306

Hoffman Estates, Il 60169


**UNITED STATES**
**POSTAL SERVICE**

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

Danea S Countach
PO Box 6213
Maywood IL 60155-6213
Complainant,

Vs.

Megan J. Brennan
Postmaster General
Respondent
Western Area
U.S. Postal Service

USPS Tracking # Complainant : <u>9114999944314566025726</u>

EEOC Case No. : 550-2015-00290X
Agency Case No : 1E-891-0023-14
Date Filed : 10/06/2014

# NOTICE OF FINAL ACTION

In accordance with Title 29, Code of Federal Regulations, Part 1614.110(a), this is the U.S. Postal Service's Notice of Final Action in your complaint of discrimination identified above.

On November 8, 2016, Administrative Judge Daniel E. Leach of the Equal Employment Opportunity Commission (EEOC) issued a decision that was received by the Postal Service on November 17, 2016.

I have reviewed the entire record, including the investigative file and I agree with the Administrative Judge that you have not shown that you were the victim of illegal discrimination. Consequently, I have decided to implement the decision of the AJ.

## APPEAL TO THE EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, EEOC, P.O. Box 77960, Washington, DC 20013-8960, within 30 calendar days of your receipt of this decision. You must use Form 573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO - FAD, USPS, PO Box 21979, Tampa FL 33622-1979.

You are advised that, if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

**Right to File Civil Action**

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned:

### DANEA S COUNTACH V. MEGAN J. BRENNAN, POSTMASTER GENERAL

You may request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Katherine R. Baker-Abrams*                     12/1/2016

EEO Services Analyst
PO Box 21979
Tampa FL  33622-1979

Enclosure: Appeal Form 573

cc:  Daniel E. Leach, Administrative Judge
San Francisco District Office
450 Golden Gate Ave, P.O. Box 36025,5th Floor West
San Francisco CA 94102-3661

Kirk C. Lusty
Western / Sandy USPS Law Department
9350 South 150 East, Suite 800
Sandy UT 84070-2716